UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA DOYLE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 14-cv-05738 RJB JRC <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> Noting Date: March 6, 2015 |

    This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 15, 19, 20).

    After considering and reviewing the record, the Court concludes that the ALJ erred in giving little weight to the opinion of treating counselor Katherine Coleman, QMHP because the ALJ did not provide a germane reason for rejecting the opinion.  Had

the ALJ credited fully the opinion from Ms. Coleman, the RFC would have included additional limitations, and thus the error is not harmless.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, REBECCA DOYLE, was born in 1977 and was 32 years old on the alleged date of disability onset of May 27, 2010 (*see* AR. 194-202, 203-11). Plaintiff has a bachelor's degree in Human Development (AR. 43). Plaintiff has worked as a billing and eligibility specialist (healthcare), payroll and HR assistant (zoo), receptionist (builder and attorney), records office specialist (college), therapeutic foster parent, development assistant (non-profit), and in retail (AR. 258-65). Plaintiff left her last job because she was severely depressed and could not keep up with the job (AR. 50).

According to the ALJ, plaintiff has at least the severe impairments of "obesity; major depressive disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 20).

At the time of the hearing, plaintiff was living alone and had two young sons who were living with plaintiff's mother (AR. 39-41).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 70-79, 81-90, 92-103, 105-16). Plaintiff's requested

1   hearing was held before Administrative Law Judge Paul G. Robeck ("the ALJ") on

2   November 15, 2012 (*see* AR. 35-68). On December 11, 2012, the ALJ issued a written

3   decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

4   Security Act (*see* AR. 15-34).

5         On July 15, 2014, the Appeals Council denied plaintiff's request for review,

6   making the written decision by the ALJ the final agency decision subject to judicial

7   review (AR. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

8   seeking judicial review of the ALJ's written decision in September of 2014 (*see* Dkt. 1,

9   5). Defendant filed the sealed administrative record regarding this matter ("AR.") on

10  November 21, 2014 (*see* Dkt. 13).

11        In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

12  not the ALJ erred when he failed to address in his assessment of plaintiff's RFC his

13  PRFT finding that plaintiff is markedly limited in concentration, persistence and pace; (2)

14  Whether or not the ALJ improperly rejected the opinion of counselor Katherine Coleman,

15  QMHP; and (3) Whether or not the ALJ erred failing to find that plaintiff meets or equals

16  in severity Listing 12.04C (*see* Dkt. 15, pp. 1-2).  Because this Court recommends

17  reversing and remanding based on issues 2 and 3, the Court need not further review issue

18  1, and would expect the ALJ to re-evaluate the record as a whole in light of the direction

19  provided below.

20                                  STANDARD OF REVIEW

21        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

22  denial of social security benefits if the ALJ's findings are based on legal error or not

1  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

2  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

3  1999)).

## DISCUSSION

**(1) Whether or not the ALJ improperly rejected the opinion of counselor Katherine Coleman, QMHP.**

Plaintiff argues that the ALJ erred when he rejected the opinion of treating counselor Katherine Coleman, Qualified Mental Health Professional ("QMHP") (*see* Dkt. 15, pp.6-9). Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, Social

*Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

"[O]nly 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Nevertheless, evidence from "other medical" sources can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to "other medical" sources include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source present relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals'

       impairments(s), and Any other factors that tend to support or refute the opinion.

2006 SSR LEXIS 5 at *11.

Ms. Coleman submitted a Mental Residual Functional Capacity assessment in November of 2012 (AR. 938-40). Ms. Coleman opined that plaintiff has moderate difficulties in all areas of understanding and memory (AR. 938). Plaintiff has slight to no difficulties in her ability to ask simple questions or request assistance from supervisors; however, in all other areas of social functioning, Ms. Coleman opined that plaintiff suffers from moderate to moderately severe limitations (AR. 939).  In areas of adaptation, Ms. Coleman found plaintiff has moderate to moderately severe limitations (AR. 939-40). Ms. Coleman opined that plaintiff is severely impaired in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a constant pace without an unreasonable number and length of rests (AR. 939). In all other areas of sustained concentration and persistence, Ms. Coleman opined that plaintiff has moderate to moderately severe impairments (*id.*). Additionally, Ms. Coleman determined that plaintiff's level of impairment will likely increase when work-related stressors are present (AR. 940).

After discussing Ms. Coleman's opinion, the ALJ stated that

> Ms. Coleman's analysis receives little weight. Counseling notes show the claimant plans to find work. The claimant's activities of daily living show that she has an active social life and can concentrate and focus while using the computer and doing arts and crafts. Though the claimant alleges problems around crowds, she testified that she takes a ninety-minute bus ride to see her children twice a week. Finally, Ms.

|   |   |
|---|---|
| 1 | Coleman is not a qualified medical source under social security regulations. |
| 2 | |

(AR. 26).

The ALJ first gave little weight to Ms. Coleman's opinion because counseling notes show that plaintiff plans to find work (*id.*). Treatment notes from 2011 state that plaintiff wanted to explore a low-stress job (AR. 499). Additionally, plaintiff reported that she was "getting back in[to] the job marke[t,]" had applied for jobs, and had attended a job interview (AR. 642, 645, 690). During a psychological evaluation, plaintiff reported that she worked five hours a day twice a week for about three weeks in March of 2011 (AR. 602). Plaintiff could not handle the stress of a supervisor, and the job ended because she had an anxiety attack and took a "breather" when no one was present to relieve her (*id.*).

Ms. Coleman's notes indicate that in 2012 plaintiff's objective was to live as normally as possible by working towards employment, managing her moods and anxiety, and working towards living independently with her children (*see* AR. 923). There is no evidence in Ms. Coleman's counseling notes that plaintiff sought employment (*see* AR. 923, 925-26, 928-29, 931-32).

The fact that plaintiff wants to find a job and attempted to work but failed because of her alleged impairments does not establish that plaintiff is not as severely limited as Ms. Coleman opined. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("[i]t does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience [symptoms] and

limitations severe enough to preclude him from *maintaining* substantial gainful employment." (emphases in original)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). While there is some evidence that plaintiff desired to be employed, this evidence does not support the ALJ's decision to give little weight to Ms. Coleman's opinion. The ALJ's reason for rejecting Ms. Coleman's opinion is thus not germane.

The ALJ also gave Ms. Coleman's opinion little weight because plaintiff's activities of daily living "show that she has an active social life and can concentrate and focus while using the computer and doing arts and crafts" (AR. 26). Plaintiff reported that her hobbies include painting, reading, cross-stitching, cooking, baking, crocheting, and knitting (AR. 254, 344, 935). Plaintiff is doing well at her cross-stitching, but is unable to do the other activities due to her inability to concentrate (AR. 254). Plaintiff also uses her computer to "get on Facebook" and play some games (AR. 434). At the ALJ hearing, plaintiff testified that she does not own a computer and goes to her mother's house if she needs to use a computer (AR. 47). Plaintiff also reported that she goes to coffee with a friend every week, texts her friends often, goes out to lunch every couple of weeks, and goes to the park to talk (AR. 254). Plaintiff states that she texts daily, but does no more than two other activities a week for approximately one and a half hours at a time (*id.*).

The ALJ also stated that plaintiff alleges that she has problems with crowds, yet testified that she takes a ninety-minute bus ride to see her children twice a week (AR. 26). Plaintiff testified that two to three times a week she takes a ninety-minute bus ride (AR.

45). However, plaintiff stated that she has trouble on crowded buses, and to cope with her difficulties, plaintiff puts on her music and at times her sunglasses and ignores everybody (AR. 55). Plaintiff's ability to ride the bus twice a week while listening to music and ignoring everyone does not contradict plaintiff's assertion that she has problems with crowds.

Plaintiff's hobbies, social life, and use of public transportation are not inconsistent with Ms. Coleman's opinions regarding plaintiff's limitations in concentration and social functioning. The ALJ's finding that plaintiff is not as limited as opined due to her activities of daily living is contradicted by the record. The ALJ has thus not provided germane reasons that are supported by substantial evidence in the record for rejecting Ms. Coleman's opinion.

The ALJ also gave little weight to Ms. Coleman's opinion because Ms. Coleman is not a qualified medical source (AR. 26). Defendant concedes that this is not a proper reason to reject Ms. Coleman's opinion (*see* Response Brief, Dkt. 19, p. 10). However, defendant maintains that the ALJ provided two germane reasons for discounting Ms. Coleman's opinion, and thus the opinion was properly evaluated (*see id.*). For the foregoing reasons, the Court concludes that the ALJ failed to state a germane reason supported substantial evidence for assigning little weight to Ms. Coleman's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ credited fully Ms. Coleman's opinion, the RFC would have included additional limitations, as would have the hypothetical to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

Plaintiff asserts that Ms. Coleman's opinion should be credited as true and that this case should be remanded for an immediate award of benefits (*see* Opening Brief, Dkt. 15, p. 9). Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292)); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 (9th Cir. December 24, 2014). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 at *30 (9th Cir. December 24, 2014) (citations omitted).

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292)).

The *Garrison* court found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record

afforded no reason to believe that [the claimant] is not, in fact, disabled." *Id.* at 1021 (footnote omitted). However, in an even more recent case, the Ninth Circuit pointed out that the issue of whether or not further administrative proceedings would serve a useful purpose comes before the court decides and applies the credit-as-true rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 at *36 (9th Cir. December 24, 2014) (citations omitted). In *Treichler*, the court first determined that the ALJ had provided only a "'vague allegation' that [the] claimant's statements [were] 'not consistent with the objective medical evidence,' without any 'specific findings in support,'" which was "insufficient for our review." *Id.* at 28 (citation omitted). The court continued with its review of the record, and after pointing out inconsistencies between the claimant's statements and the record, concluded that because of conflicts and ambiguities in the record, and because not all essential factual issues were resolved, further factual development was necessary to resolve the issue of credibility. *Id.* at *30-*32. As noted by the court, "an ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Id.* at *36-*37.

Here, outstanding issues must be resolved. *See Smolen*, *supra*, 80 F.3d at 1292. The ALJ relied on the testimony of the vocational expert to find that plaintiff is capable of performing jobs that exist in significant numbers in the national economy (*see* AR. 28-29). However, the testimony of the vocational expert did not include all the limitations opined by Ms. Coleman (*see* AR. 62-63). As the record is not complete regarding

plaintiff's ability to perform jobs that exist in the national economy, remand for further consideration of the record is warranted.

As the ALJ's error in assessing the evidence supporting plaintiff's mental health limitations affects all aspects of the ALJ's decision, the ALJ is instructed to reevaluate this entire matter on remand. Thus, it is unnecessary to address the other issues raised in plaintiff's appeal.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for plaintiff and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 6, 2015, as noted in the caption.

Dated this 23rd day of February, 2015.

J. Richard Creatura
United States Magistrate Judge